### No. 279

#### McLOUGHLIN v. RUBLE

No. 18382.   Ohio Supreme Court
Error to Lucas Court of Appeals

On motion to certify, docketed Feb. 20, 1924, 2 Abs. 132.   Motion overruled, April 22, 1924, 2 Abs. 291.

**941. PRACTICE — Judgment upon the pleadings—If issues made.**

The narrative of this case will be found in the Court of Appeals opinion, post (this issue), page 329.

The plaintiff herein, McLoughlin, claims the Court of Appeals erred in reversing the judgmen of the Common Pleas in her favor against Ruble, inasmuch as a motion for judgment opon the pleadings can be had only where the facts are admitted or agreed upon and there remains only a question of law for decision. In this case there was an issue of fact, and no such judgment could be given.   Upon the pleadings without reference to the evidence, defendant Ruble was not entitled to a judgment.

No motion for a judgment for Ruble notwithstanding the verdict of the jury was made by counsel for Ruble, but he renewed his motion for a directed verdict at the conclusion of all the evidence.

It was proper for the court to present the evidence to the jury for consideration, as it was the province of the jury to determine the issues of fact by the evidence.   There was more than a scintilla to support claim of plaintiff, and as the rule has become stare decisis in Ohio, it was the duty of the trial court to submit the cause to it for a verdict.

The Court of Appeals was without authority in law to enter final judgment for McLoughlin, but should have remanded the case for retrial or further proceedings under the law.

### No. 280

#### STATE OF OHIO v. OTTO HINES

No. 18471.   Ohio Supreme Court
On motion to certify record, docketed Feb. 15, 1924, 2 Abs. 147.
Error to Franklin County Appeals

**313. CRIMINAL LAW—Change of venue.**

Otis Hines was a colored porter who came to work for the Baltimore & Ohio Railroad Company as a strikebreaker at the time of the railroad strike in the summer and fall of 1922.   He applied to the City of Lima and received permission to act as a special policeman with the right to carry a gun, but to be compensated only by the Baltimore & Ohio.

There was some violence in and about the territory occupied by the Baltimore & Ohio. Two young men were in that neighborhood walking along the street when Hines approached them.   Hines was in a nervous condition and was carrying his gun in his hand. For some reason or other the two men separated and Hines started to walk between them.   Hines says one of them struck him. Two or three witnesses say no one struck him. Hines shot four (4) times, killing one of the men.

Before trial he asked for a change of venue, which was refused.   He was convicted of "manslaughter."   The Court of Appeals found that the change should have been granted. The case was carried to the Supreme Court and the motion to certify was overruled, so a change of venue will be granted and the case will be retried at some other county.